# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BILL DAVID CLEMENTS

             Petitioner,

       -vs-

DEB TIMMERMAN-COOPER,
  Warden,

             Respondent.

:

:

:

:

Case No. 1:11-cv-442

District Judge Sandra S. Beckwith
Magistrate Judge Michael R. Merz

---

## REPORT AND RECOMMENDATIONS

---

       This is a habeas corpus case brought *pro se* under 28 U.S.C. § 2254 by Petitioner Bill David

Clements.  He pleads the following Grounds for Relief:

      **Ground One:**  The petitioner was denied due process and equal
protection of the laws when the trial court committed plain error be
[sic] permitting Petitioner to be tried on a defective indictment, in
violation of the Fifth and Fourteenth Amendments of the United
States Constitution.

      **Ground Two:**  The petitioner was denied due process and equal
protection of the law when the trial court overruled his motion(s) for
Criminal Rule 29 Acquittal according to the Ohio Rules of Criminal
Procedure, in violation of th [sic] Fifth and Fourteenth Amendments
of the United States Constitution.

      **Ground Three:**  The petitioner was denied due process and equal
protection of the law when jury convicted him against the manifest
weight of the evidence, in violation of the Fifth and Fourteenth
Amendments of the United States Constitution.

      **Ground Four:**  The petitioner was denied due process and equal
protection of the law, by the trial court committing plain error by its

erroneous instruction to the jury on the elements of the offense in the indictment, and on all of the charges being tried, in violation of the fifth [sic] and Fourteenth Amendments.

**Ground Five:** The Petitioner was denied the effective assistance of trial counsel, by his trial counsel's failure to challenge and move to dismiss the defective indictment, and by his failure to object to defective jury instructions at trial, and as a result this was a Sixth Amendment of the U.S. Constitutional violation of Petitioners rights to the effective assistance of trial counsel.

(Petition, Doc. No. 2.) On Judge Bowman's Order (Doc. No. 3), the Respondent Warden has filed a

Return of Writ (Doc. No. 7) and Petitioner has filed a Reply in support (Doc. No. 8).

## Procedural History

Petitioner was indicted by the Butler County Grand Jury on one count each of attempted aggravated burglary with a firearm specification, one count of tampering with evidence, and one count of possessing criminal tools. In addition to the indictment, he was provided a bill of particulars on the charges. After trial to a jury at which he testified, he was convicted on all counts and sentenced to seven years confinement which he is serving in Respondent's custody.

Petitioner appealed to the Butler County Court of Appeals raising the following assignments of error:

1. The trial court committed structural error or plain error where the Defendant-Appellant was tried with a defective Indictment which fails to charge offense(s), for the reason that it lacks the essential elements of Attempted Aggravated Burglary with a Gun Specification, Tampering with Evidence, and Possessing Criminal Tools, and the underlying offenses related thereto.

2. The trial court violated the defendant-appellant's Due Process rights by overruling his motion(s) for Crim. R. 29 acquittal.

3. The trial court violated the defendant-appellant's Due Process rights by overruling his motion(s) for Crim. R. 29 acquittal.

4. The trial court committed structural error or plain error by erroneously instructing the jury on the elements of Attempted Burglary with a Firearm Specification, Tampering With Evidence, and Possessing Criminal Tools.

5. The Defendant-Appellant is denied his right to the effective assistance of trial counsel by his counsel's failure to challenge the defective indictment, and by his failure to object to defective jury instructions at trial.

(Merit Brief and Reply Brief on Appeal, Return of Writ, Doc. No. 7, Exhibits 8 and 10.) The court of appeals affirmed, rejecting all of the assignments of error. *State v. Clements*, 2010 Ohio 4801, 2010 Ohio App. LEXIS 4065 (Ohio App. 12th Dist., Oct. 4, 2010). Petitioner then appealed to the Ohio Supreme Court, essentially repeating the same arguments he made on direct appeal and that he makes here, but that court declined to take jurisdiction. *State v. Clements,* 2011 Ohio 647, 2011 Ohio LEXIS 420 (2011). Petitioner then timely filed his Petition for Writ of Habeas Corpus in this Court.

**Analysis**

**Ground One**

In his First Ground for Relief, Petitioner asserts that the indictment in this case was defective because it did not include all the elements of aggravated burglary and theft, it omitted the deadly weapon element, it failed to identify the record, document, or thing which was the object of the tampering with evidence count, and it failed to identify the criminal tool allegedly in his possession

in the possession count (Petition, Doc. No. 2, PageID 5).

The Warden contends that the defectiveness of an indictment is not a claim cognizable in habeas corpus because there is no federal constitutional requirement of indictment by a grand jury in state court proceedings (Return of Writ, Doc. No. 7, PageID 27-29). The Warden also contends that this Ground for Relief is procedurally defaulted because Petitioner did not file a pretrial motion to dismiss the indictment for the asserted deficiency, as required by Ohio R. Crim. P. 12 (Return of Writ, Doc. No. 7, PageID 29-37). The Warden notes that the indictment was supplemented with a bill of particulars (Return of Writ, Doc. No. 7, Ex. 15). Finally, the Warden asserts the First Ground is without merit (Return of Writ, Doc. No. 7, PageID 50-53.)

In his Traverse, Petitioner focuses almost entirely on his argument that the Warden and the Court of Appeals are wrong as a matter of Ohio law (Traverse, Doc. No. 8, PageID 512-518). He makes no response to the procedural default argument.

On the first assignment of error, the court of appeals wrote:

> [*P6] In his first assignment of error, appellant argues that the trial court erred by failing to dismiss the "fatally defective indictment" because it "omitted *all* of the elements" for each of the three crimes charged, thereby creating a "structural error" that requires his convictions be reversed. (Emphasis sic.) We disagree.

> [*P7] At the outset, we note appellant failed to timely object to the indictment, and therefore, has waived all but plain error on appeal. *State v. Horner,* Slip Opinion No. 126 Ohio St. 3d 466, 2010 Ohio 3830, 935 N.E.2d 26, paragraph two of the syllabus; *State v. Wagers*, Preble App. No. CA2009-06-018, 2010 Ohio 2311, P7. Notice of plain error must be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Long* (1978), 53 Ohio St.2d 91, 95, 372 N.E.2d 804. [**3] An error does not rise to the level of a plain error unless, but for the error, the outcome of the trial would have been different. *State v. Krull,* 154 Ohio App.3d 219, 2003 Ohio 4611, P38, 796 N.E.2d 979.

[*P8]  It is well-established that the purpose of an indictment is to give the accused adequate notice of the crime charged. *Horner* at P10; *State v. Buehner,* 110 Ohio St.3d 403, 2006 Ohio 4707, P6, 853 N.E.2d 1162; *State v. Smith*, Butler App. No. CA2009-02-038, 2010 Ohio 1721, P62. An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge, and enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *State v. Curtis,* Butler App. No. CA2008-01-008, 2009 Ohio 192, P30, citing *Hamling v. United State*s (1974), 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L. Ed. 2d 590; see, also, Crim.R. 7(B).

[*P9]  Initially, appellant argues that count one of the indictment, which charged him with attempt in violation of R.C. 2923.02(A), was defective for failing to list "all of the elements of R.C. 2911.11(A)(2) Aggravated Burglary," the underlying offense for which the attempt charge was predicated. However, contrary to appellant's claim, an indictment that tracks the language of the charged offense, that identifies an underlying offense by reference to the statute number, such as the case here, is not defective for it provides the defendant with adequate notice of the charges pending against him. See *Horner* at P45; *Buehner* at syllabus; *see, also, State v. Reyna* (1985), 24 Ohio App.3d 79, 80-81, 24 Ohio B. 148, 493 N.E.2d 555; *State v. Burch* (Nov. 15, 1988), Wyandot App. No. 16-86-11, 1988 Ohio App. LEXIS 4653, 1988 WL 122479, *2; *State v. Lyons* (Sept. 22, 1994), Ross App. No. 94CA1997, 1994 Ohio App. LEXIS 4509, 1994 WL 534937, *2. Therefore, because count one of the indictment was not defective, appellant's first argument is overruled.

[*P10]  Next, appellant argues that counts two and three of the indictment, which charged him with tampering with evidence in violation of R.C. 2921.12(A)(1) and possessing criminal tools in violation of R.C. 2923.24, were fatally defective for failing "to identify so as to be defined" what evidence he allegedly tampered with, as well as what criminal tools he allegedly possessed. However, it is clear that counts two and three of the indictment tracked the exact statutory language of both offenses, and, as a result, were properly charged. *State v. Ramirez*, Clermont App. No. CA2004-06-046, 2005 Ohio 2662, P50; *State v. Morris,* Clark App. No. 06-CA-65, 2007 Ohio 3591, P20. Furthermore, we find that any confusion appellant may have had regarding the charges pending against him was eliminated by the bill of particulars.[1] See *State v. Skatzes*, 104 Ohio St.3d 195, 2004 Ohio 6391, P27, 819 N.E.2d 215. Therefore, because counts two and three of the indictment were not defective,

appellant's second argument is overruled.

FOOTNOTES

> 1 The bill of particulars stated, in pertinent part, that appellant was charged with tampering with evidence after he allegedly threw a "Colt .25 Calibur, Serial Number 77530CC out of the window of the car he was a passenger in," and that he was charged with possessing criminal tools for allegedly possessing two pairs of gloves, a prybar, a lug wrench, cleaning wipes, a "spotting scope," pliers, a screwdriver, a "wood club," two flashlights, a cell phone, a gun, and a "Winchester Knife."

[*P11] In light of the foregoing, we find the trial court did not err, let alone commit plain error, by failing to dismiss the indictment. Accordingly, appellant's first assignment of error is overruled.

*State v. Clements, supra.*

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner

who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d at 138.

Ohio does indeed have a rule requiring that defects in an indictment must be raised by motion to dismiss pretrial or they are waived. No such motion was filed here and the court of

appeals held that omission against Petitioner by conducting only plain error review, as is made clear on the face of its opinion.

A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003). However, the opinion of a state court on plain error review is still entitled to AEDPA deference if the federal court reaches the merits despite the procedural default. *Fleming v. Metrish*, 556 F.3d 520, 532 (6th Cir. 2009). Reservation of authority to review in exceptional circumstances for plain error is not sufficient to constitute application of federal law. *Cooey v. Coyle,* 289 F.3d 882, 897 (6th Cir. 2002); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000). The rule requiring motions to dismiss on defective indictment questions is an adequate state ground because it enforces the State's interest in correcting an indictment before trial and before placing a defendant in jeopardy. Because Petitioner failed to move to dismiss the indictment as defective, Ground One for Relief is procedurally defaulted.

Even if Ground One were not barred by Petitioner's procedural default, it would be without merit because the indictment, when combined with the bill of particulars, completely fulfills the due process requirements of advising the Petitioner what he had to defend against and precluding a second trial under the Double Jeopardy Clause. See *Russell v. United States*, 369 U.S. 749 (1962); *Valentine v. Konteh,* 395 F. 3d 626, 631 (6th Cir. 2005). The court of appeals' opinion to this effect

is neither contrary to nor an objectively unreasonable application of clearly established federal law as decided by the United States Supreme Court. Therefore it is entitled to deference by this Court. 28 U.S.C. § 2254(d)(1).

Finally, as the Warden correctly argues, the question whether the indictment is sufficient under Ohio law is not cognizable in federal habeas corpus. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Ground One for Relief is without merit and should be dismissed with prejudice.

## Grounds Two and Three

In Grounds Two and Three, Petitioner argues in effect that there was insufficient evidence upon which to convict him (Ground Two[1]) and his conviction is against the manifest weight of the evidence (Ground Three). Ground Two presents a federal constitutional question, but Ground Three does not.

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on

---

[1] A motion for judgment of acquittal makes the claim that the State has presented insufficient evidence to convict.

the claim that the conviction is against the manifest weight of the evidence.    It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.  In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.   *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.  Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149.  Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)

> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.  See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The   court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387.  In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited

approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest

weight of the evidence claim:

- 10 -

In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31(1982).

In this case, the Butler County Court of Appeals considered the two questions together and wrote:

[*P16] In his second and third assignments of error, appellant argues that the trial court erred by denying his Crim.R. 29 motion for acquittal, that his conviction was not supported by sufficient evidence, and that his conviction was against the manifest weight of the evidence. Specifically, appellant argues that the state "did not present facts of an Attempted Aggravated Burglary sufficient to sustain their burden of proof," and therefore, "since said Count underlines the other two Counts, there was insufficient evidence going to all three Counts in the Indictment." [footnote omitted] (Emphasis sic.) We disagree.

[*P17] Our review of a trial court's denial of a Crim.R. 29 motion for acquittal is governed by the same standard used for determining whether a verdict is supported by sufficient evidence. *State v. Moshos,* Clinton App. No. CA2009-06-008, 2010 Ohio 735, P26; *State v. Haney*, Clermont App. No. CA2005-07-068, 2006 Ohio 3899, P14.

[*P18] As this court has previously stated, "a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Wilson*, Warren App. No. CA2006-01-007, 2007 Ohio 2298, P35; S*tate v. Urbin,* 148 Ohio App.3d 293, 2002 Ohio 3410, P31, 772 N.E.2d 1239. In turn, while a review of the sufficiency of the evidence and a review of the

manifest weight of the evidence are separate and legally distinct concepts, this court's determination that appellant's conviction was supported by the manifest weight of the evidence will be dispositive of the issue of sufficiency. *State v. Rigdon*, Warren App. No. CA2006-05-064, 2007 Ohio 2843, P30, *citing State v. Thompkins,* 78 Ohio St.3d 380, 386, 1997 Ohio 52, 678 N.E.2d 541; *see, e.g., State v. Rodriguez*, Butler App. No. CA2008-07-162, 2009 Ohio 4460, P62.

[*P19] A manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. *State v. Ghee,* Madison App. No. CA2008-08-017, 2009 Ohio 2630, P9*, citing Thompkins* at 387, 1997 Ohio 52. A court considering whether a conviction is against the manifest weight of the evidence must review the entire record, weighing the evidence and all reasonable inferences, and consider the credibility of the witnesses. *State v. Hancock,* 108 Ohio St.3d 57, 2006 Ohio 160, P39, 840 N.E.2d 1032; *State v. Lester*, Butler App. No. CA2003-09-244, 2004 Ohio 2909, P33; *State v. James*, Brown App. No. CA2003-05-009, 2004 Ohio 1861, P9. The credibility of witnesses and weight given to the evidence are primarily matters for the trier of fact to decide. *State v. Gesell,* Butler App. No. CA2005-08-367, 2006 Ohio 3621, P34; *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Upon review, the question is whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Good*, Butler App. No. CA2007-03-082, 2008 Ohio 4502, P25; *State v. Blanton*, Madison App. No. CA2005-04-016, 2006 Ohio 1785, P7.

[*P20] Appellant was charged with attempted aggravated burglary in violation of R.C. 2923.02(A), a second-degree felony.[3] Pursuant to R.C. 2923.02(A), which defines criminal attempt, "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." In other words, a criminal attempt is complete when a defendant's acts constitute a substantial step in a sequence of events designed to result in the perpetration of a crime. *State v. Green* (1997), 122 Ohio App.3d 566, 569-570, 702 N.E.2d 462. A "substantial step," as defined by the Ohio Supreme Court, involves conduct which is "strongly corroborative of the actor's criminal purpose." *State v. Group,* 98 Ohio St.3d 248, 2002 Ohio 7247, P95, 781 N.E.2d 980, *quoting State v. Woods* (1976), 48 Ohio St.2d 127, 357 N.E.2d 1059,

paragraph one of the syllabus; *State v. Gann,* 154 Ohio App.3d 170, 2003 Ohio 4000, P18, 796 N.E.2d 942.

FOOTNOTES

3 Aggravated burglary in violation of R.C. 2911.11(A)(2), the underlying offense for which appellant's attempt charge was predicated, prohibits any person "by force, stealth, or deception" from "trespass[ing] in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense" while the "offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."

 [*P21]  At trial, Terry Bridge, the owner of a house located at 3595 Layhigh Road, Ross Township, Butler County, Ohio, testified that at approximately 10:00 a.m. on October 30, 2008 he heard a car that "sounded like it had a muffler off" coming up his driveway. Not expecting any visitors, Bridge testified that he looked out the window when he saw "three individuals," later identified as Jonathan Kleinbreg, Curtis Wooten, and appellant, "pull up in that particular car, and it just didn't look good." After the car parked, Bridge testified that appellant, who was wearing "jersey gloves," approached the house and "beat the door * * * 20, 30, 40 times" to the point that it "rattled that house." In response, Bridge testified that he went into his bedroom to retrieve "two weapons" and call 911, whereas appellant went to another door and "[b]eat [it] as hard and as loud as he could possibly do it." Bridge, after seeing appellant "peeking through the window of the door," testified that he told appellant to "just get off of [his] porch" or "[he] was going to take care of him." Appellant, apparently hearing Bridge's warning, retreated from the porch, got into the back seat of the vehicle, and made a "speedy exit."

 [*P22]  Officer Gary Vaughn of the Ross Township Police Department testified that he was dispatched to Bridge's home at approximately 10:15 a.m. to investigate a "burglary in progress call." Thereafter, while en route to Bridge's home, Officer Vaughn testified that he passed the suspects vehicle, "immediately did a U-turn, turned around in the middle of the street, and pursued the vehicle." Once stopped, Officer Vaughn testified that he found a plastic grocery bag in the back seat of the vehicle containing many items generally used in burglaries; namely, a "pry bar," lug wrench, two flashlights, a "spotting scope," cleaning wipes, a "wooden club with black tape," a screwdriver, "wire cutter pliers," and two pairs of gloves. Officer

Vaughn also testified that Wooten, the driver of the vehicle, informed him that appellant "threw a firearm out of the car." A gun belonging to appellant was later discovered after police conducted a roadside search.

[*P23] Also at trial, Kleinberg, one of the other individuals in the car with appellant that morning, testified that he went to Bridge's house with Wooten and appellant because he "heard there was some cash in there." When asked who told him there was cash in Bridge's house, Kleinberg, who lived with appellant in Richmond, Indiana at that time, testified that appellant told him the house contained "$50,000 in a brick of gold." Kleinberg later testified that it was "all our idea" to break into Bridge's house, that they went there to "get the money," and that they left because appellant "thought [Bridge] was on the phone with the cops."

[*P24] In his defense, appellant, who admitted to having a gun with him that day, testified that he was not planning on burglarizing Bridge's house, but instead, claimed that he was in the area to pick up a friend when they "turned into the wrong driveway."[4] Appellant then testified that although he was "knocking fairly loudly," he did so to make sure that "anybody there could hear [him]." Appellant continued by testifying after he heard Bridge "calling the cops for whatever reason," he knew that he "had the wrong house." Thereafter, once they left Bridge's house and "passed two cops," appellant testified that he "threw the gun out" of the car in an effort to hide it from police because he "was scared." When asked if he had any intention of burglarizing Bridge's home that morning, appellant testified "[n]o, none," and that none of the items found in the car belonged to him.

FOOTNOTES

4 Tony Hoebbel, who appellant referred to as "Tony Hopple," the "friend" appellant claimed he was trying to visit, testified that he was unaware of any plans for appellant to pick him up that morning.

[*P25] After a thorough review of the record, and while appellant may claim that he merely turned into the wrong driveway, it is well-established that "[w]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." *State v. Bates*, Butler App. No. CA2009-06-174, 2010 Ohio 1723, P11; *State v. Bromagen*, Clermont App. No. CA2005-09-087, 2006 Ohio 4429,

P38. As a result, because the state presented an abundance of evidence that clearly indicates appellant took a substantial step in his efforts to burglarize Bridge's home while he had a firearm under his control, we find the jury did not lose its way so as to create such a manifest miscarriage of justice requiring his attempted aggravated burglary charge to be reversed. See *State v. McFadden* (Sept. 23, 1991), Butler App. No. CA90-09-193, 6, 1991 Ohio App. LEXIS 4485; see, also, *State v. Dias* (Dec. 10, 1997), Medina App. No. 2647-M, 1997 Ohio App. LEXIS 5467, 1997 WL 778849, *4; *State v. Corpening* (Dec. 28, 1995), Franklin App. No. 95APA05-523, 1995 Ohio App. LEXIS 5898, 1995 WL 765204, *3; *State v. Goston* (Aug. 21, 1995), Allen App. Nos. 94 11 0085, CR 94 10 0432, 1995 Ohio App. LEXIS 3504, 1995 WL 506013, *2. Therefore, as appellant's attempted aggravated burglary conviction was not against the manifest weight of the evidence, we necessarily conclude that the state presented sufficient evidence to support the jury's finding of guilt. *See, e.g., Rodriguez*, 2009 Ohio 4460 at P62. Accordingly, appellant's second and third assignments of error are overruled.

*State v. Clements, supra.*

In his Traverse, Petitioner emphasizes that there was no proof he actually used any force on Mr. Bridge's residence in an attempt to gain entry. However, the co-defendants' testimony plainly showed it was Petitioner's intent to break in and that he had taken substantial steps to carry out the purpose, gathering tools useful to that purpose and colleagues to assist. An attempt conviction under Ohio law, as the court of appeals held, does not require that actual force be applied unsuccessfully. All that is required is that a substantial step be taken toward the burglary.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a

reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas

- 16 -

> review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6ᵗʰ Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6ᵗʰ Cir. 2008).

Giving appropriate deference to the jury and to the court of appeals under the AEDPA, this Court concludes the state court decision is neither contrary to nor an unreasonable application of *Jackson v. Virginia.* Grounds Two and Three should therefore be dismissed with prejudice.

# Ground Four

In his Fourth Ground for Relief, Petitioner asserts he was denied his constitutional rights by the instructions given to the jury at trial. He asserts the trial court erred in including in the instructions defining elements of crimes not included in the indictment, to wit, aggravated burglary, theft, and deadly weapon. In contrast to these insertions, Clements asserts the trial court did not define "official investigation," an element of tampering with evidence. Finally, he asserts the trial court erred by inserting a definition of attempted aggravated burglary in its instructions on the possession of criminal tools offense.

The Warden asserts this Ground for Relief is procedurally defaulted because of a lack of objection at trial. While Ohio does have a relevant procedural rule requiring a contemporaneous objection, it does not appear from the court of appeals' opinion that it enforced the rule in this instance. Grounder Four is therefore not procedurally defaulted.

The Warden also asserts this Ground for Relief is not cognizable in habeas corpus and is also without merit. The Warden is correct to the extent Clements is complaining of any error of Ohio law in the instructions. In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned; taken as a whole they must be so infirm that they rendered the entire trial fundamentally unfair. *Henderson v. Kibbe,* 431 U.S. 145 (1977). The only question for a habeas court to consider is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62 (1991) quoting *Cupp v. Naughten*, 414 U.S. 141 (1973). The category of infractions that violate fundamental fairness is very

narrow.  *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), *citing Dowling v. United States*, 493 U.S. 342,

352 (1990).  It is error to fail to instruct on an element of an offense, but the error is subject to

harmless error analysis.  *Neder v.United States,* 527 U.S. 1 (1999).

The court of appeals' decision on this claim is brief:

> **[*P28]**  In his fourth assignment of error, appellant challenges the jury instructions provided by the trial court because, according to him, the instructions did not contain "each essential element" and contained "some elements * * * that were 'pulled out of thin air' and defined for the jury."  However, after a thorough review of the record, we find the jury instructions provided by the trial court contained "all matters of law necessary for the information of the jury in giving its verdict," virtually mirrored the proposed instructions found in the Ohio Jury Instructions manual, were an accurate statement of the law, and did not prejudice appellant's right to a fair trial in any way. See R.C. 2945.11; *State v. Thompson* (Aug. 5, 1996), Madison App. No. CA95-12-040, 7, 1996 Ohio App. LEXIS 3295; *State v. Haithcock* (Sept. 21, 1992), Clinton App. No. CA91-08-021, 5, 1992 Ohio App. LEXIS 4811. Therefore, appellant's fourth assignment of error is overruled.

*State v. Clements, supra*.  Because the court of appeals' opinion is brief, the Court sets forth the

relevant portions of the record at some length.

The indictment charged the following offenses:

COUNT ONE
ATTEMPTED AGGRAVATED BURGLARY

On or about October 30, 2008, at Butler County, Ohio, Bill David Clements did purposely or knowingly, when purpose or knowledge is sufficient culpability for the commission of the offense, engage in conduct which if successful would constitute or result in the offense of AGGRAVATED BURGLARY, O.R.C. 2911.11 (A)(2), which constitutes the offense of ATTEMPTED AGGRAVATED BURGLARY, a Second Degree Felony, in violation of R.C. §2923.02-2911.11(A)(2), and against the peace and dignity of the State Of Ohio.

SPECIFICATION. The Grand Jurors further find and specify, pursuant to O.R.C. 2941.14.1 that the offender had a firearm on or

about the offender's person or under the offender's control while committing the offense.

COUNT TWO<br>TAMPERING WITH EVIDENCE

On or about October 30, 2008, at Butler County, Ohio, Bill David Clements did knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair' its value or availability as evidence in such proceeding or investigation, which constitutes the offense of TAMPERING WITH EVIDENCE, a Third Degree Felony, in violation of R.C. §2921.12(A)(I), and against the peace and dignity of the State Of Ohio.

COUNT THREE<br>POSSESSING CRIMINAL TOOLS

On or about October 30, 2008, at Butler County, Ohio, Bill David Clements did possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally, when the circumstances indicate that the substance, device, instrument, or article involved in the offense was intended for use in the commission of a felony, possessing criminal tools is a felony of the fifth degree, which constitutes the offense of POSSESSING CRIMINAL TOOLS, a fifth degree felony, in violation of R.C. §2923.24, and against the peace and dignity of the State Of Ohio.

(Return of Writ, Doc. No. 7, Ex. 1, PageID 67.)

The jury instructions actually given in the case are attached as Exhibit 3 to the Return of Writ. The relevant portions of the instructions with which Petitioner takes issue are as follows:

> In Count One of the indictment, the defendant. Bill David Clements, is charged with Attempted Aggravated Burglary. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about October 30, 2008, and in Butler County, Ohio, the defendant, did purposely engage in conduct which if successful would constitute or result in the offense of Aggravated Burglary.

> Aggravated Burglary means the defendant, with purpose to commit the offense of Theft, trespassed by force or stealth in an occupied structure when another person other than an accomplice of the defendant was present in that structure and the defendant had a

deadly weapon or dangerous ordnance on or about his person or under his control.

A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.

You must further find that the defendant had the purpose to commit a theft offense. Theft is defined as having the purpose to deprive the owner of property or knowingly obtained or exerted control over the property, without the consent of the owner.

A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or he is aware that his conduct will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

Knowingly means that a person is aware of the existence of the facts and that his acts will probably cause a certain result.

*Id.* at PageID 75-76.

Further, State of Ohio must prove that while committing the offense of Attempted Aggravated Burglary, the Defendant had a deadly weapon on or about his person or under his control.

DEADLY WEAPON means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon or possessed, carried, or used as a weapon.

*Id*. at PageID 77.

As to these portions of the instructions, Petitioner seems to be complaining that the trial judge instructed the jury on crimes which were not part of the case. However, each of these instructions was necessary to spell out all of the elements of the crimes with which Petitioner was charged. That is, an instruction on attempted aggravated burglary would have been incomplete

without telling the jury both what is necessary to prove an attempt and what must be shown to prove an aggravated burglary. In particular because attempted aggravated burglary is a specific intent crime in Ohio, the jury had to be told what it was that the State alleged Petitioner attempted. The same is true of theft, which is a crime "embedded" as an element in aggravated burglary. The deadly weapon instruction was surplusage, but a firearm instruction was necessary for the specification to Count One and it was also given. *Id*. at PageID 78.

On the tampering charge (Count Two), the judge instructed:

> In Count Two of the Indictment the defendant, Bill David Clements, is charged with Tampering With Evidence. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about October 30, 2008, and in Butler County, Ohio, the defendant, knowing that an official investigation was in progress, about to be instituted or likely to be instituted altered, concealed or removed a thing, to wit: a Colt .25 caliber firearm, with purpose to impair its value or availability as evidence in the investigation.

*Id*. at PageID 80. With respect to this instruction, Petitioner seems to be complaining that the specification that the evidence tampered with was a Colt .25 caliber firearm, but that instruction was in his favor, limiting the objects on which the prosecution could rely to the Colt firearm as set forth in the bill of particulars.

Petitioner also complains that no instruction was given on the meaning of "official investigation." (Traverse, Doc. No. 8, PageID 522.) Although that term is included in the statute, no definition of it is given in Ohio Jury Instructions, the official model instructions of the Ohio Judicial Conference, suggesting it is not a term which the Ohio judiciary as a whole believes needs to be instructed on. Moreover, in the context of this case, the lack of an instruction was not likely to have been confusing to the jury. The testimony was that Petitioner threw the gun out of the car

while the police were in hot pursuit. Jurors, at least those who are drivers, are likely to know that a pursuit by a police vehicle is an "official investigation" without being told so. Finally, in his merit brief on appeal, Petitioner did not suggest how omission of a definition of "official investigation" would have been misleading to the jury (Return of Writ, Doc. No. 7, Ex. 8 at PageID 113-114.) His appellate attorney implicitly conceded that no request for such an instruction had been made and that no objection was made to its omission by couching the Fourth Assignment of Error in terms of plain or structural error. *Id.* That concession is made explicit in arguing the Fifth Assignment of Error. *Id*. at PageID 115.

As to Count Three, the possession of criminal tools charge, Petitioner complains that the attempted aggravated burglary was re-included at this point as the underlying criminal offense (Traverse, Doc. No. 8, PageID 522). The instruction on this Count was as follows:

> In Count Three of the Indictment the defendant, Bill David Clements, is charged with Possessing Criminal Tools. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about October 30, 2008, and in Butler County, Ohio, the defendant possessed or had under his control a device or instrument with purpose to use it criminally.
>
> POSSESSION is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession.
>
> PURPOSELY has previously been defined for you in these instructions
>
> The following is prima facie evidence of criminal purpose:
> Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use.
> If your verdict is guilty of Possessing Criminal Tools, you will separately decide beyond a reasonable doubt if the device or instrument involved in the offense was intended for use in the

- 23 -

> commission of a felony, to wit: Attempted Aggravated Burglary. The
> Court instructs you that Attempted Aggravated Burglary is a felony.

(Return of Writ, Doc. No. 7, Ex. 3, PageID 81.)

Petitioner's objection to this instruction is difficult to understand. The instruction includes the essential elements which must be found, including that the tool must have been intended to be used for criminal purposes. This offense had been indicted at the felony level, which means the State had to prove that the crime intended to be committed with the tool was a felony. In this case the alleged underlying crime was attempted aggravated burglary and the judge, quite properly, instructed the jury that attempted aggravated burglary is a felony as a matter of law under Ohio law. That is, if the jury found that the crime intended to be committed with the tool was attempted aggravated burglary, it did not need to find as a matter of fact that that crime was a felony. The instruction appears to this Court to be completely correct.

There is no apparent error in the jury instructions, much less error so grave as to render the trial fundamentally unfair and a denial of due process. Therefore the decision of the court of appeals is neither contrary to nor an unreasonable application of clearly established federal law and the Fourth Ground for Relief should be dismissed with prejudice.

## Ground Five

In his Fifth Ground for Relief, Mr. Clements asserts he received ineffective assistance of trial counsel when his attorney did not object to the defective indictment or the jury instructions. The court of appeals decided this, the Fifth Assignment of Error, on the merits as follows:

[*P31] In his fifth assignment of error, appellant argues that his trial

- 24 -

counsel was ineffective for failing to "challenge the severely defective Indictment" and the "defective jury instructions." However, having found no error in our review of these issues under appellant's first and fourth assignments of error, we necessarily conclude that appellant was not subjected to ineffective assistance of trial counsel. *State v. Behanan*, Butler App. No. CA2009-10-266, 2010 Ohio 4403, P41; *Strickland v. Washington* (1984), 466 U.S. 668, 687-694, 104 S.Ct. 2052, 80 L. Ed. 2d 674. Accordingly, appellant's fifth assignment of error is overruled.

*State v. Clements, supra.*

The relevant constitutional standard is found, as the court of appeals recognized, in *Strickland v. Washington,* 466 U.S. 668 (1984). Petitioner has made no argument as to why the court of appeals' decision is contrary to or an unreasonable application of *Strickland* and this Court finds that it is not.

As to the fourth assignment of error on jury instructions, the court of appeals found no error at all, reviewing the instructions without enforcing a plain error limitation. This Court has independently reviewed the instructions for constitutional fairness and found no error. If there was no error or fundamental unfairness in the instructions, it cannot have been ineffective assistance to have failed to object to them.

As to the first assignment of error on a defective indictment, the court of appeals did review that claim on a plain error basis. Had the trial attorney filed a motion to dismiss, Petitioner would have been entitled to a full merits review on appeal without the plain error limitation. However, the court of appeals found no error at all in the indictment, either of state or federal law. The opinion of a state court on plain error review is still entitled to AEDPA deference. *Fleming v. Metrish*, 556 F.3d 520, 532 (6th Cir. 2009).

Because Petitioner has demonstrated no error at all in his First and Fourth Grounds for

Relief, it was not ineffective assistance of trial counsel to fail to move to dismiss the indictment or to object to the jury instructions. The court of appeals' opinion to this effect is neither contrary to nor an unreasonable application of clearly established federal law.

### Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 25, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140,

106 S.Ct. 466, 88 L.Ed.2d 435 (1985).